FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 25 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TRACY HARRIS<br>   Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No.<br>) |
| CKS PRIME INVESTMENTS LLC., and<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.<br>   Defendants. | ) **1:24-CV-3284**<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Tracy Harris, by and through the undersigned counsel, and for his Complaint against Defendants, CKS Prime Investments, LLC ("CKS") and Experian Information Solutions, Inc. (Experian) (collectively "Defendants") for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the federal claims under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

3. Plaintiff resides in the city of Lawrenceville, in Gwinnett County, Georgia.

4. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Lawrenceville, a part of Gwinnett County, GA 30046, making the Atlanta Division a proper venue under 28 U.S.C. § 1391(b)(2).

5. Defendant CKS, a Virginia corporation headquartered in Wall Township, NJ, practices as a debt collector through the country, including GA.

6. Defendant CKS attempts to collect alleged debts throughout the state of GA, including the city of Lawrenceville, GA.

7. Defendant CKS has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

8. Defendant Experian, an Ohio corporation headquartered in Costa Mesa, CA, serves as a credit reporting agency of consumer credit throughout the state of GA, including the city of Lawrenceville, GA.

9. Defendant Experian has actual knowledge of where Plaintiff resided, and improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant Experian purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant Experian knowingly reported information regarding a Plaintiff domiciled in Lawrenceville, GA and thus has sufficient minimum contracts with this venue, making venue additionally proper under 28 U.S.C. § 1391(b)(1).

## STANDING

11. Plaintiff has a congressionally defined right to have accurate information reported to credit reporting agencies.

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. CKS's collection activities violated the FDCPA

14. Defendants' credit reporting and/or failure to properly dispute information violated the FCRA.

15. Defendants' reporting and handling of Plaintiff's credit information violated the FCRA and FDCPA.

16. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

17. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 36714667, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a

failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing, See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied her the right to information due to her under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

18. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

19. Plaintiff, Tracy Harris (hereafter "Plaintiff"), is a natural person currently residing in Gwinnett County, in the state of Georgia.
20. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).
21. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).
22. Defendant CKS Virginia corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal address at 1800 Route 34N Building Suite 305 Wall, NJ 07719
23. CKS is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumers debts originally owed to others.

24. CKS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

25. Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626

26. Defendant CKS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C § 1681s-2(b).

27. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Experian regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:
    a. Public recording information;
    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

28. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than CKS.

29. On a date better known by CKS, CKS began to attempt to collect an alleged consumer debt from the Plaintiff

30. The alleged debt was said to be owed to Lending Point LLC.

31. That this alleged debt would only have been incurred for a personal loan and would have only been for personal or family purposes.
32. That this alleged debt would have only been used for personal, family, or household purposes and would thus be a consumer debt.
33. The reporting of the alleged debt contains an inaccurate balance.
34. The reporting of the alleged debt contains an inaccurate status.
35. The reporting of the alleged debt contains inaccurate delinquency information.
36. The reporting of the alleged debt contains inaccurate dispute information
37. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.
38. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.
39. That CKS was reporting the collection account on Plaintiff's credit report with Experian.
40. That CKS was voluntarily reporting the alleged collection account on Plaintiff's credit reporting with the credit reporting agencies.
41. CKS's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.
42. On or about April 12, 2024, Plaintiff sent a dispute letter to Defendant Experian, notifying the account with CKS as disputed.
43. This letter provided notice of the inaccurate reporting to Experian.
44. Once Experian received notice of this letter, it was required to provide notice of such disputes and request for re-investigation to the furnisher, in this case CKS.
45. Experian received the letter sent by Plaintiff.

46. Experian transmitted notice of this dispute to CKS via an Automated Credit Dispute Verification form ("ACDV").
47. CKS was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.
48. Alternatively, Experian failed to send notice of the dispute to CKS after receiving notice of the dispute from Plaintiff.
49. After receiving this notice, in any subsequent voluntary reporting, CKS must then include the dispute notation on said account.
50. On April 23, 2024, Experian generated dispute results under report number 0936-1004-23.
51. That the credit report was verified and updated on or about 4/23/2024.
52. That the updated 4/23/2024 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Experian, and transmitted to CKS.
53. Alternatively, that the updated 4/23/2024 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Experian and Experian failed to notify CKS.
54. That the updated 4/23/2024 credit reporting did not contain updated marked as disputed information.
55. The updated 4/23/2024 credit report contained inaccurate information.
56. CKS failed to investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the alleged debt.

57. CKS must have voluntarily updated the Plaintiff's alleged account by communicating with Experian.

58. That CKS furnished information to Experian regarding Plaintiff's account without notifying them the account had been disputed by consumer, even after receiving notice by Experian of the dispute.

59. That CKS failed to update the account information and mark the account as disputed on the updated 4/23/2024 credit report after Plaintiff disputed the account on 4/12/2024 and was given notice of such by Experian.

60. In the alternative, if CKS properly updated the account information and marked the account as disputed with Experian after receiving notification of dispute from Plaintiff, the Experian failed to update the account information and mark the account as disputed on the updated 4/23/2024 credit report.

61. CKS never properly updated the account information or marked the account as disputed even after receiving information of the dispute from Experian.

62. Alternatively, Experian never updated the account information and marked the account as disputed even after receiving information of the dispute remark form CKS in its subsequent voluntary reporting or via a response to an Automated Credit Dispute Verification ("ACDV") request.

63. All of CKS's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

64. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

65. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices by CKS and/or Experian.

66. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by CKS and/or Experian.

67. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by CKS and/or Experian.

68. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security.

69. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of CKS and/or Experian.

70. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

## CAUSES OF ACTION

## Count I: Violation of 15 U.S.C. § 1681e(b) of the FCRA-Reinvestigations of Disputed Information

71. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

72. Experian violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation

of the credit report and credit files it published and maintains concerning the Plaintiff.

73. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional plain and anguish, and the humiliation and embarrassment of credit denials.

74. Experian conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to 15 USC § 1681n. IN the alternative, it was negligent entitling the Plaintiff to recovery under 15 USC § 1681o.

75. The Plaintiff is entitled to recovery cost and fees from Experian in the amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

76. In Taylor v. First Advantage Background Services Corp., 207 F. Supp. 3d 1095 (N.D. Cal. 2016), the court held that a credit reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy of the information it reports constitutes a violation of the FCRA.

## Count II: Violation of 15 U.S.C. § 1681i - Failure to Conduct a Reasonable Investigation

77. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

78. Defendant Experian violated 15 USC § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

79. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

80. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recovery actual damages under 15 USC § 1681o.

81. The Plaintiff is entitled to recovery costs and fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

82. the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

## Count III: Violation of 15 U.S.C. § 1681s-2(b) – Duties of Furnishers of Information

83. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

84. Defendant CKS violated 15 USC § 1681s-2(b) by continuing to report the CKS representation within Plaintiff's credit file with Experian without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the CKS representation; by failing to review all relevant information regarding same; by failing to accurately respond to CKS; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the CKS representations to the consumer reporting agencies.

85. As a result of this conduct, action, and inaction of CKS, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional plain, anguish, humiliation, and embarrassment of credit denials.

86. Defendant's CKS's conduct, action, and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. IN the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 USC § 1681o.

87. Plaintiff is entitled to recover costs and fees from CKS in an amount to be determined by the Court pursuant to 15 USC § 1681n and § 1681o.

## Count IV: Violation of 15 U.S.C. § 1692e Of The FDCPA – False, Deceptive, or Misleading Collection Actions

88. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

89. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

90. Plaintiff disputed the debt, CKS when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgement to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the debt dispute. The consumer created a genuine fact issue given that she said during the recorded conversation" "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.90 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

91. CKS's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See

Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experience in dealing with creditors.")

92. CKS violated the Plaintiff's right not to be the target of misleading debt collection communications.

93. CKS violated the Plaintiff's right to a truthful and fair debt collection process.

94. CKS's communications with Plaintiff were deceptive and misleading

95. CKS used unfair and unconscionable means to attempt to collect the alleged debt.

96. CKS's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to CKS's collection efforts.

97. CKS's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e and 1692e(8) of the FDCPA.

98. CKS's Conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and consultation fees for advice regarding his situation.

99. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 USC § 1692(a).

100. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of CKS's conduct.

101. The FDCPA ensures that consumers are fully and truthfully apprised and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. CKS's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

102. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

103. Defendant CKS's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and fees. See, 15 USC § 1692k.

## COUNT V: Violations Of § 1692d Of the FDCPA – Harassment or Abuse

104. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

105. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

106. CKS's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

107. CKS attempted to coerce Plaintiff into paying an alleged debt he otherwise would not have paid by submitting false and inaccurate information to his credit report.

108. CKS could have no other purpose in doing this except to harm Plaintiff's reputation and deprive him of his ability to receive any type of credit line unless he paid the alleged debts.

109. Defendant CKS's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs and fees. See, 15 USC § 1692k.

## COUNT VI: Violations Of § 1692f Of the FDCPA – Misleading Representations & Unfair Practices

110. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

111. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

112. CKS attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

113. CKS used unfair and unconscionable means to attempt to collect alleged debt.

114. CKS's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and fees. See 15 USC § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tracy Harris prays that this Court:

A. Declare that CKS's debt collection actions violate the FDCPA;

B. Enter judgement in favor of Plaintiff Tracy Harris, and against CKS, for actual and statutory damages, costs, and fees as provided by § 1692k(a) of the FDCPA; and

C. Declare that Experian's credit reporting actions violate the FCRA;

D. Enter judgement in favor of Plaintiff Tracy Harris, and against Experian, for actual damages, punitive damages, costs, and fees as provided by § 1681n of the FCRA;

E. Or, in the alternative, enter judgement in favor of Plaintiff Tracy Harris, and against Experian, for actual damages, costs, and fees as provided by § 1681o of the FCRA; and

F. Delcare that CKS's credit reporting actions violate the FCRA;

G. Enter judgement in favor of the Plaintiff Tracy Harris, and against CKS for actual damages, punitive damages, costs, and fess as provided by § 1681n of the FCRA;

H. Or, in the alternative, enter judgement in favor of Plaintiff Tracy Harris, and against CKS, for actual damages, costs, and fees as provided by § 1681o of the FCRA; and

I. Grant other such further relief as deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 25th, 2024

Respectfully submitted,

/s/Tracy Harris
**TRACY HARRIS**
117 Flanders Way
Lawrenceville, GA 30046
htracy58@gmail.com
(334) 318-8807